UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO. 5:14:cv-237-Oc-10PRL

KIRSTIN SCONIERS,

    Plaintiff,

vs.

FNU LOCKHART, et al.,

    Defendants.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR SANCTIONS (DOC. 45)**

On or about July 5, 2015, the Plaintiff, KIRSTIN SCONIERS, provided his Motion for Sanctions to prison officials. It was filed with the Court on July 13, 2015. (Doc. 45.) The Defendant, JESSE LOCKHART, hereby files his response in opposition to the motion.

The Plaintiff's pro se Amended Complaint was filed on June 4, 2015. (Doc. 39.) The other Defendant has not been served at this time. The Court's February 24, 2015, Scheduling Order set April 13, 2015, as the discovery cutoff date, and stated any motions related to discovery must be filed within ten days later. Dispositive motions are due by August 11, 2015. (Doc. 27.) The Plaintiff requested an extension of the discovery deadline to which the Defendant objected, and the Court deferred its ruling. (Doc. 34; Doc. 35; Doc. 36.)

The Plaintiff's motion seeks sanctions pursuant to Federal Rule of Civil Procedure 37 against Officer Lockhart based on allegations he has not cooperated in discovery. (Doc. 45, p. 1.) His assertions are (1) the Defendant has not produced all the videos of him that exist in the records of the Marion County Sheriff's Office, and (2) the Defendant did not produce his

1

medical records on a compact disk as was represented to the Court. He states the Defendant is lying. (Doc. 45, p. 2-3.)

The Plaintiff has complained about these matters before, and they have been addressed by the Court. On January 8, 2015, the Plaintiff filed with the Court a copy of his First Request for Production of Documents in which he requested, inter alia, his medical records at the jail. (Doc. 21, p. 2.) He also requested videos, stating:

> (4) Request to Defendant to produce the information on how to obtain the Marion County Jails' stored video-footage, or produce to the Plaintiff, the video-footage of the incident on February 12th 2014 of the incident "in the upstairs sally-port of "Alpha-Ecko dorms visiting area," which is recorded by the Marion County Jails "video-visit TV screen." Times 1:30 to 2:15 pm. Store and hold all database of video-footage by request. [sic]
>
> (7) Request of Defendant to produce information on how to obtain the Marion County Jail, stored video-footage, or produce to Plaintiff a duplicate disc of the incident on (2-12-14). Inside of "Alpha-Ecko-Section, dayroom area. And produce any and all locations, agencies and names of any person's who have possession, and any knowledge of obtaining this requested document. Pursuant to Rule 26(B)(2)(c) of the Federal Rules of Civil Procedure, gives option to "---tangible-things" for discovery. [sic]

(Doc. 21, p. 2-3.)

On February 5, 2015, the Plaintiff filed a Motion to Compel stating he had received all the responses to the Request for Production on a CD, which he had a limited ability to view. (Doc. 22.) The Defendant responded that since the jail videos were of necessity sent on a compact disk, the other responses were also put on the CD rather than sending paper copies. (Doc. 23; Doc. 23-1; Doc. 23-2.) The response stated that the Defendant, on February

9, 2015, had complied with his request for paper copies. Subsequently, the Court denied his Motion to Compel. (Doc. 25.)

However, the Defendant's response to his request #2, for his jail medical records, was "Defendant has no access to such records." (Doc. 23-2, p. 1.) So, the records were not provided at that time, either on the CD or with the paper copies of the other production. On March 23, 2015, the Plaintiff filed a Motion to Compel production of the medical records. (Doc. 29.) On March 25, 2015, the Defendant responded that a HIPAA Medical Authorization form had been sent to the Plaintiff on March 3, 2015, and received back from him on March 23. (Doc. 30.) That same day, March 23, a subpoena duces tecum had been sent to Ocala Community Care/Marion County Jail with the signed HIPAA so the records could be released. The response stated the records would be provided to the Plaintiff when received. On May 14, 2015, the Court denied the Plaintiff's Motion to Compel based on the Defendant's response. (Doc. 36, p. 5.) On April 10, 2015, the medical records had been mailed to the Plaintiff. Attached as Exhibit 1 is a copy of the certification of the mailing of the records.

On June 25, 2015, the Plaintiff filed another Motion to Compel. (Doc. 43.) In that motion, he again alleges the Defendant has not supplied all the video in possession of the Sheriff's Office, and gives additional details of the "(2) specific incidents" he is seeking. He states that "66 minutes of 'irrelevant' video-footage' of the Plaintiff" was produced. He states that one video shows a date of October 10, 2013, when he was not incarcerated at the jail,

3

and that is "proof of false and edited evidence of documentations."[1] He complains that videos of him were produced that he did not request, and that was done "to harrass, and humiliate and delay, time of discovery." [*sic*] Among these were incidents occurring on the date he requested, February 12, 2014, but which he says were not the specific incidents he wanted.

On June 29, 2015, the Defendant filed a response stating that although the Plaintiff only requested certain videos, in an abundance of caution, copies of <u>all</u> videos of the Plaintiff were provided. (Doc. 44.) The response stated, "If a particular video was not on the compact disk provided to Plaintiff, then it does not exist."

The Defendant once again reiterates that all the videos of the Plaintiff in the possession of the Marion County Sheriff's Office have been provided to him. In addition, the Defendant affirmatively states that it was never claimed that the Plaintiff's medical records were on the CD sent to him; the response clearly stated they were not in the Defendant's possession. Not until he signed the HIPAA form and the records were obtained were they mailed to him.

The Plaintiff's Motion for Sanctions is not well-taken. The Defendant has fully complied with his discovery requests and there has been no failure to comply with a court order as he claims. The Plaintiff's continued motions to compel and his accusations that the Defendant and his counsel are "lying" to the Court are approaching harassment and bordering on being frivolous pursuant to Rule 11. The Court is requested to deny the motion.

---

[1] This statement is incorrect. Two videos were produced for October 2013: October 26 and 30. As shown by the Inmate Search screen on the Sheriff's website, attached as Exhibit 2, he was incarcerated on those dates.

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on **July 27, 2015**, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system which will send notice of electronic filing to the following: N/A.  I further certify that I sent the foregoing document and the notice of electronic filing by U.S. Mail to the following non-CM/ECF participants:  Kirstin Sconiers, DC# X42709, Santa Rosa Correctional Institution Annex, 5850 E. Milton Rd., Milton, Florida 32583.

                **/s/ John M. Green, Jr.**
                Florida Bar No. 0107993
                John M. Green, Jr., P.A.
                125 N.E. First Ave., Ste. 2
                Ocala, Florida 34470
                Tel: (352) 732-9252
                Fax: (888) 545-7282 – Toll Free
                jmgjr@mac.com
                Attorneys for Defendant Lockhart