UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO. 5:14:cv-237-Oc-10PRL

KIRSTIN SCONIERS,

    Plaintiff,        **DISPOSITIVE MOTION**

vs.

FNU LOCKHART, and
MATTHEW B. McNEELY,

    Defendants.
_____/

## DEFENDANT McNEELY'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW

COMES NOW the Defendant, MATTHEW B. McNEELY ("Sgt. McNeely"), by and through his undersigned counsel, pursuant to Federal Rule of Civil Procedure 56, and moves the Court for an order of summary judgment in his favor and against the Plaintiff, KIRSTIN SCONIERS, and says:

1.    The Plaintiff's pro se Complaint was filed on April 24, 2014, and his Amended Complaint ("Complaint"), to which Sgt. McNeely has filed an answer, was filed on June 4, 2015. (Doc. 1; Doc. 39; Doc. 77.) The discovery cutoff was April 13, 2015, pursuant to the Court's February 24, 2015, Scheduling Order. (Doc. 27.)

2.    The Plaintiff's claims, all of which are brought pursuant to 42 U.S.C. § 1983, allege violations of his constitutional rights under the Eighth Amendment on February 12, 2014, by

1

Sgt. McNeely and the Defendant JESSE LOCKHART ("Cpl. Lockhart"), who were corrections officers at the Marion County Jail in Ocala, Florida.[1]

3. The Complaint's counts are:

    I. Cruel and unusual punishment;

    2. Excessive force; and

    3. Sexual assault. (Doc. 39, p. 5.)

4. The Plaintiff has claimed that Sgt. McNeely used excessive force on him in one of the incidents allegedly occurring on February 12, 2014. Cpl. Lockhart was involved in the same incident and the alleged facts regarding the two Defendants are intertwined. On August 11, 2015, Cpl. Lockhart filed a Motion for Summary Judgment which is pending before the Court. (Doc. 50.) (Sgt. McNeely had not received service of process at that time.) That motion asserts arguments and citations of authority on behalf of both Defendants in support of an order of summary judgment in their favor.

5. Document 50 is hereby adopted and incorporated herein by Sgt. McNeely, along with all its exhibits. The exhibits include affidavits from officers (some of which also have exhibits), the Plaintiff's medical records, and pleadings from the Plaintiff's criminal cases. (Doc. 50-1 – Doc. 50-12.) Also adopted and incorporated herein are the two compact disks filed with the Court in support of Cpl. Lockhart's Motion for Summary Judgment. These include (1) the recording of the Plaintiff's interview taken during the Sheriff's Office

---

[1] Jesse Lockhart is now a deputy, but on the date of the alleged incidents he was a corrections officer with the rank of corporal. He will be referred to as "Cpl. Lockhart" herein.

investigation, and (2) the surveillance videos of the Plaintiff in possession of the Sheriff's Office. (Doc. 51; Doc. 52.)

6.  The Plaintiff has filed responses to the Defendants' Document 50, Motion for Summary Judgment. (Doc. 55; Doc. 55-1; Doc. 56; Doc. 60.) One of the responses includes a sworn declaration of the Plaintiff. (Doc. 56, p. 7-15.)

7.  The Complaint alleges that on February 12, 2014, Cpl. Lockhart pepper-sprayed the Plaintiff in the face, slammed him to the floor, slapped him in the face, and stuck his finger into the Plaintiff's anus. It states he was taken to a shower for decontamination and forced to shower in clothes and shackles. He alleges that several officers took him to his cell, including Cpl. Lockhart and Sgt. McNeely. He states those two officers came into his cell to remove his handcuffs so he could remove his jail uniform. When the cell door was closed, he came to the door to return the restraints. Cpl. Lockhart then maliciously pulled his arms and waist by way of the hand restraints. Sgt. McNeely then tasered him twice on his right arm, and he fell to his knees. He was then placed in a restraint chair for eight hours. (Doc. 39, p. 5-6.)

8.  The Plaintiff seeks compensatory damages from Cpl. Lockhart of $75,000 and punitive damages of $25,000. From Sgt. McNeely, he seeks compensatory damages of $35,000 and punitive damages of $25,000. (Doc. 39, p. 7.)

9.  The following exhibits are attached to Document 50 and incorporated herein:[2]

    1.  Affidavit of Jesse Lockhart with two exhibits;

---

[2] Documents from the Sheriff's Office, such as incident reports and operations directives, are admissible as prepared in the regular course of business. See Pt Indonesia Epson Ind. v. Orient Overseas Container Line, Inc., 219 F. Supp. 2d 1265, 1274 n.8 (S.D. Fla. 2002). Court filings can be certified and are admissible as public records. Fed. R. Evid. 901(b)(7). The medical records, the surveillance videos, and the compact disk of the Plaintiff's recorded interview can be authenticated at trial. Fed. R. Evid. 901(b)(1), (5), (7).

3

2. Affidavit of Matthew McNeely with exhibit;

3. Affidavit of Norman Brown with exhibit;

4. Affidavit of John Monck with exhibit;

5. Affidavit of Carla Tucker with exhibit;

6. Affidavit of Investigator Meyer Carter with numerous exhibits:

    A    Use of Force Report;

    B.    Photograph of injury to Sgt. McNeely;

    C.    Pleadings from the Plaintiff's criminal case: Florida Circuit Court, Marion County, Case No. 2014-CF-542 (battery on law enforcement officers);

    D.    Incident Report #14015240;

    E.    February 27, 2014, recorded interview of Plaintiff by Meyer Carter (filed with the Clerk on CD);

    F.    All surveillance videos of the Plaintiff in the possession of the Sheriff's Office (filed with the Clerk on CD);

    G.    Operations Directive 4030 "Use of Force;"

    H.    Operations Directive 4081 "Sexual Battery/Sexual Violence;"

    I.    Operations Directive 6011 "Supervision of Inmates—Jail;"

    J.    Operations Directive 6332 "Chemical Agents, Use of—Jail;"

    K.    Operations Directive 6603 "Prison Rape Elimination Act (PREA);"

    L.    Operations Directive 6766 "Classification of Inmates;"

7-Part 1. Medical Records of Ocala Community Care, the subcontracted medical provider for the jail, pages 1 – 223 (Bates numbered);

    7-Part 2.    Medical Records of Ocala Community Care, the subcontracted medical provider for the jail, pages 224 – 446 (Bates numbered);

    8.    HIPAA form Plaintiff signed on March 18, 2015;

    9.    Pleadings from the Plaintiff's criminal case: Florida County Court, Marion County, Case No. 2013-MM-8267 (exposure of sexual organs);

    10.    Pleadings from the Plaintiff's criminal case: Florida Circuit Court, Marion County, Case No. 2013-CF-2966 (carjacking, etc.);

    11.    Copy of the Plaintiff's information printout from the Sheriff's Office website.

10.    On the basis of the arguments and authorities cited in the August 11, 2015, Motion for Summary Judgment and herein, Sgt. McNeely did not violate the Plaintiff's constitutional rights and is entitled to qualified immunity and summary judgment.

THEREFORE, the Court is requested to enter an order granting summary judgment to Sgt. McNeely.

## MMEORANDUM OF LAW

Sgt. McNeely adopts and incorporates the Memorandum of Law in Document 50, Motion for Summary Judgment, including the sections setting out the standards for summary judgment, the Eighth Amendment, and qualified immunity. In an Eighth Amendment claim of excessive force, the inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. <u>Hudson v. McMillian</u>, 503 U.S. 1, 7, 112 S. Ct. 995, 998 (1992).

The Plaintiff alleges that Sgt. McNeely used excessive force when he tased the Plaintiff twice on his right arm. (Doc. 39, p. 6.) He claims no injury from the alleged action.

The affidavits of officers present at the incident occurring at the Plaintiff's cell door show that Sgt. McNeely performed one drive stun on Sconiers' arm to cause the inmate to release his hold on Cpl. Lockhart's arm.[3] Cpl. Lockhart was retrieving, through the food hatch in the cell door, the handcuffs which had been placed on the Plaintiff, and the Plaintiff grabbed his left wrist and was pulling the officer's arm into the cell. Sgt. McNeely and CO Norman Brown were able to prevent Cpl. Lockhart's arm being pulled into the cell, but they could not break Sconiers' grasp on his wrist. When Sgt. McNeely administered the drive stun, the inmate released Cpl. Lockhart's wrist. (Doc. 50-1, Lockhart affidavit; Doc. 50-2, McNeely affidavit; Doc. 50-3, Brown affidavit.) The surveillance video of this incident also supports that Sconiers was trying to harm Cpl. Lockhart, as the officer can be seen shaking his arm in pain as he walks away from the cell. (Doc. 50-6, Carter affidavit, Exh. F; Doc. 52, surveillance video.[4]) A photograph taken of a scratch on Sgt McNeely's arm made by Sconiers' fingernails is attached to Investigator Meyer Carter's affidavit. (Doc. 50-6, Carter affidavit, Exh. B.)

The factors set out in <u>Whitley v. Albers</u> are used to assess whether force was used on a prisoner "sadistically and maliciously" 475 U.S. 312, 321, 106 S. Ct. 1078, 1085 (1986) (from consideration of the factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with

---

[3] A "drive stun" does not employ the two probes that attach to the subject and complete the electrical circuit. Sgt. McNeely testified that he removed the cartridge from his taser weapon and applied one drive stun activation to Sconiers' right forearm. (Doc. 50-2, ¶ 7.)

[4] The video clips are not in chronological order, but in order by location. The CD contains all the video of the Plaintiff in the possession of the Sheriff's Office. The second and third clips on the CD are the ones related to this incident. The second clip is about 6 minutes long. The third clip is about 2½ minutes and shows essentially the same things as the second one.

respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur."). The Whitley factors include (1) the extent of the injury; (2) the need for the application of the force; (3) the relationship between the need and the amount of force; (4) efforts made to temper the force's severity; and (5) the extent of the threat to staff and inmates, as reasonably perceived by the responsible officials). See Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999).

Applying the Whitley factors in this case results in the conclusion that Sgt. McNeely's action did not violate Sconiers' Eighth Amendment rights. Sconiers claimed no injury from the force used by Sgt. McNeely. It was reasonably necessary to address the threat to Cpl. Lockhart and was appropriate to the amount of force needed. Sgt. McNeely stated that the inmate was first given verbal orders to release the corporal's arm, which he did not obey. Sgt. McNeely further stated he used the drive stun on Sconiers to gain his compliance with the order to release Cpl. Lockhart's arm and not for the purpose of causing him pain. He testified that Cpl. Lockhart was not pulling on the inmate's arm except as he might have to try to free his own arm. (McNeely affidavit.) The use of force was tempered by the sergeant's decision to administer only a drive stun and not to deploy the probes that complete the electrical circuit. An electrical disabler (taser) is classified in Sheriff's Office operations directives as a Less Than Lethal Weapon. (O.D. 4030.30—Carter affidavit, Doc. 50-6, p. 31.)

Even assuming, arguendo, there were two drive stun activations instead of one, or two taser deployments, as Sconiers alleges, the force, from which he claims no injuries, would still not violate the Eighth Amendment. See Richardson v. Leary, 2011 U.S. Dist. LEXIS 15778 (M.D. Ala. Jan. 26, 2011), adopted, 2011 U.S. Dist. LEXIS 15727 (M.D. Ala. Feb. 16,

2011) (summary judgment granted to officer who tased prisoner twice for aggressive noncompliance with orders) (citations omitted); Beard v. Banks, 548 U.S. 521, 530, 126 S. Ct. 2572, 2578 (2006) (in distinguishing between evidence of disputed facts and disputed matters of professional judgment, court's inferences must give deference to the views of prison authorities); see also McBride v. Rivers, 170 Fed. Appx. 648, 657 (11th Cir. Mar. 14, 2006) (force does not violate Eighth Amendment because it is unreasonable or unnecessary if it was not done maliciously and sadistically for the very purpose of causing harm) (citing Campbell, 169 F.3d at 1374.)

A Use of Force Report was generated for this incident. Investigator Carter discusses the investigation in his affidavit, and the Use of Force Report is attached to the affidavit as Exhibit A. The conclusion in the Use of Force report was that all aspects of the incident were within Sheriff's Office policies. (Doc. 50-6, p. 11.) As set out in the affidavit, Investigator Carter charged Sconiers with two counts of Battery on a Law Enforcement Officer and Resisting or Obstructing an Officer Without Violence. Sconiers pled guilty and was adjudicated guilty in Case No. 2014-CF-542, Florida Circuit Court, Marion County. (Carter affidavit and exhibits.)

Due to his conviction, Sconiers is precluded by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), from asserting that he did not commit battery on the Defendant officers at the cell door. A battery is defined as (1) actually and intentionally touching or striking another person against the will of the other; or (2) intentionally causing bodily harm to another person. § 784.03, Fla. Stat. (2014). Based on Meyer Carter's Arrest Affidavit detailing Sconiers pulling on the officers' arms through the door, he was convicted under

8

Florida Statute 784.075 (2014), which makes it a third degree felony to commit battery on a staff member of a detention facility. The Plaintiff may aver in his Declaration that he "never pulled defendants' arms nor did [he] dig nails into their flesh" (Doc. 56, p. 12), but he has already pled guilty and been convicted of such actions. To swear otherwise now impermissibly negates an element of the criminal charge. See Heck, 512 U.S. at 487, 114 S. Ct. at 2372.

Attached hereto as Exhibit 1, is a copy of the Information filed in the Plaintiff's criminal case for battery on an officer, which specifies the batteries on Cpl. Lockhart and Sgt. McNeely on February 12, 2014.[5] The Plaintiff is collaterally estopped from claiming he did not perform the actions. In determining if issue preclusion applies, the court must apply Florida's law of collateral estoppel. See Brown v. City of Hialeah, 30 F.3d 1433, 1437 (11th Cir. 1994). Under Florida law, a criminal defendant as a plaintiff is prohibited from relitigating the same issue that was litigated in prior criminal proceedings. Id. (citing Zeidwig v. Ward, 548 So. 2d 209, 214 (Fla. 1989). Where the criminal defendant pled guilty, he is estopped from denying his guilt of the subject offense in a subsequent civil action. Id. (citations omitted).

In Brown, the plaintiff wanted to introduce evidence he did not attempt to shoot the officer, but his guilty plea included the attempted murder of the officer. Id. The appellate court stated those facts were already decided when the plaintiff pled guilty. Id. In Willingham v. Loughnan, the court noted that, in Florida, defensive collateral estoppel may be employed to bar argument of an ultimate fact or facts decided in the prior proceeding. 261 F.3d 1178,

---

[5] Court filings can be certified and are admissible as public records. Fed. R. Evid. 901(b)(7).

1185 n.11 (11th Cir. 2001) (citations omitted).[6] The court stated that, based on its review of the criminal trial record, the jury must have concluded "at the very least" that the plaintiff, who was convicted of attempted murder of one officer and battery on another, threw a knife at one officer and threw a glass at the other. Id. at 1185. In that circumstance, the civil trial jury in the 42 U.S.C. § 1983 case against the officers for excessive force would properly find that the plaintiff obtained a number of kitchen objects, including the knife, and threw them at the officers before they shot her. Id. 1185-86.

The Plaintiff claims he was not pulling on the officers' arms, and Sgt. McNeely's use of force was for the purpose of causing him pain. However, the fact he was pulling on their arms through the food hatch and scratching them with his fingernails are established facts. Sgt. McNeely's use of the drive stun was a reasonably proportionate response to those actions to stop the threat to Cpl. Lockhart and restore order in the jail. An inmate may avoid summary judgment "only if the evidence viewed in the light most favorable to him goes beyond a mere dispute over the reasonableness of the force used and will support a reliable inference of wantonness in the infliction of pain." Brown v. Smith, 813 F.2d 1187, 1188 (11th Cir. 1987) (per curiam).

As noted, the Plaintiff filed a declaration as part of his responses to the prior Motion for Summary Judgment. (Doc. 56, p. 7-15.) In the declaration, inter alia, he states that (1) Sgt. McNeely was "helping [Cpl. Lockhart] pull on [his restraints]"; (2) he was checked by a nurse to "document injuries to [his] upper-arm/and wrist/and forearm where the drive-stun

---

[6] Willingham v. Loughnan, 261 F.3d 1178 (11th Cir. 2001), vacated and remanded on other grounds, 537 U.S. 801, 123 S. Ct. 68 (2002) (citing Hope v. Pelzer, 122 S. Ct. 2508, 536 U.S. 730 (2002)), reinstated, 321 F.3d 1299 (11th Cir. 2003), cert. denied, 540 U.s. 816, 124 S. Ct. 76 (2003).

(Tazer) pierce the 'layers of my skin'"; and (3) he "never pulled Defendants' arms nor did [he] dig nails into their flesh."  (Doc. 56, p. 10, 12.)

The Amended Complaint states only that Sgt. McNeely tased him. (Doc. 39, p. 6.) It makes no allegation that the sergeant pulled on his arms and waist by using the handcuffs nor do any of his other documents filed with the Court. Furthermore, as discussed above, he is collaterally estopped from asserting that he did not pull on the officers' arms through the food hatch. Regarding medical examinations, the Plaintiff's medical records have been filed. (Doc. 50-7; Doc. 50-8.) His records starting on February 12, 2014, begin on page 202. (Doc. 50-7, Bates numbers.) They report that medical personnel were unable to examine him after the incident because he was threatening to spit on them. After he was in the restraint chair, his restraints were checked a couple of times and it was noted he had no edema or redness. (Doc. 50-7, p. 202-205; Doc. 50-8, p. 255, Bates numbers.)

There is no genuine issue of material fact that Sgt. McNeely's actions served legitimate security purposes at the jail and were not taken as wanton inflictions of pain on Sconiers.

## **CONCLUSION**

Based on the above arguments and citations of authority, and those provided in the previously-filed Motion for Summary Judgment (Doc. 50), Sgt. McNeely did not violate the Plaintiff's constitutional rights and is entitled to qualified immunity. Summary judgment should be entered in his favor on the claims brought against him.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **December 21, 2015**, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system which will send notice of electronic filing to the following: N/A.  I further certify that I sent the foregoing document and the notice of electronic filing by U.S. Mail to the following non-CM/ECF participants: Kirstin Sconiers, DC# X42709, Santa Rosa CI, 5850 East Milton Road, Milton, Florida 32583.

        **/s/ John M. Green, Jr.**
        Florida Bar No. 0107993
        John M. Green, Jr., P.A.
        125 N.E. First Ave., Ste. 2
        Ocala, Florida 34470
        Tel: (352) 732-9252
        Fax: (888) 545-7282 – Toll Free
        jmgjr@mac.com
        Attorneys for Defendants